<hr />

### COMMONWEALTH *vs.* ROBERT SHERMAN.

If the name of a person whom it is necessary to refer to in a complaint is unknown to the complainant, it may be so alleged, although he might easily have ascertained the same.

COMPLAINT for making a single sale of intoxicating liquor " to some person whose name to your complainant is unknown."

At the trial in the superior court, before *Brigham*, J., there was evidence to show that Coleman, a deputy constable of the Commonwealth, sent Dexter, another deputy constable, to Attleboro to obtain evidence relating to sales of liquor ; that Dexter while there bought a glass of ale of the defendant, and afterwards reported to Coleman simply that he saw the defendant make a sale of ale ; upon which information Coleman made

this complaint. The defendant asked the court to rule that, if Coleman could have ascertained the name of the purchaser by asking Dexter, or had an opportunity to ascertain it, the jury ought to acquit the defendant; but the judge instructed them that the complaint might be sustained, although the name of the purchaser might by reasonable inquiry have been known by the complainant.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*Reed,* A. G., for the Commonwealth.

GRAY, J. The ignorance of the grand jury or of a private prosecutor as to the name of a person upon or in relation to whom a crime has been committed does not shelter the criminal. If the name of a third person, which, if known, should be inserted in the indictment or complaint, is in fact unknown to the grand jury or the complainant, it may be so alleged; and the defendant is not thereby deprived of his protection against being tried twice for the same offence, for if indicted again he may plead his acquittal or conviction upon the first indictment, and aver the person to be the same. 2 Hawk. *c.* 25, § 71. 1 Stark. Crim. Pl. (2d ed.) 185–188. The fact that the grand jury or the complainant might with reasonable diligence have ascertained the name may be evidence that they or he knew the name; but it is not conclusive, and cannot be made an absolute test of the sufficiency of the allegation. After the evidence has been introduced, the question is not whether the name might have been known, but whether the allegation that it was not known is sustained by the proof; it is a question, upon all the evidence, of accord or variance between the allegation and the proof, not of diligence or carelessness in making the accusation.

The origin of the statement in some books that, if a name alleged to be unknown might with reasonable diligence have been ascertained by the prosecutor, the defendant is entitled to an acquittal, is probably to be found in some imperfect reports of English *nisi prius* cases. 2 East P. C. *c.* 16, § 89. *The King* **v.** *Deakin,* 2 Leach, (4th ed.) 863. *Rex* v. *Walker,* 3 Camp. 264.

*Rex* v. *Robinson*, Holt N. P. C. 595. Upon such a case being cited, Mr. Justice Littledale, an eminent common-lawyer, said, " The question is whether the person is known to the grand jury. It will be difficult to prove that he was so known, and unless he was known to the grand jury, I should doubt about that case." *Rex* v. *Cordy*, 2 Russell on Crimes, (3d ed.) 98, note by Greaves. The earliest case which we have seen in which a traverse jury were required to find that the grand jury could not by reasonable diligence have ascertained the name was one tried at *nisi prius* before Mr. Justice Thomas Erskine. *Regina* v. *Campbell*, 1 Car. & Kirw. 82.

By the much higher authority of the twelve judges of England, this matter has been put upon the right footing. In one case they held that an indictment against an accessory of a principal therein alleged to be unknown was good, although the same grand jury had returned another indictment against the principal by name. *Rex* v. *Bush*, Russ. & Ry. 372. And in another case, according to the fullest report, they stated the rule to be that " in order to sustain a count for the murder of a child whose name is to the jurors unknown, there must be evidence showing that the name could not reasonably have been supposed to be known to the grand jury." *Regina* v. *Stroud*, 1 Car. & Kirw. 187. Another report of this case in 2 Mood. C. C. 270, by abridging this statement to " the want of description is only excused when the name cannot be known," wholly changes its meaning ; for what the grand jury may reasonably be supposed to have known is only what it may be rightly inferred they did know, which is a quite distinct thing from that which they could know, or, in other words, reasonably might, but did not, ascertain. The judgments of this court support the position which we now affirm. *Commonwealth* v. *Hill*, 11 Cush. 141. *Commonwealth* v. *Hendrie*, 2 Gray, 504. *Commonwealth* v. *Thornton*, 14 Gray, 41. *Commonwealth* v. *Stoddard*, 9 Allen, 282, 283.

It is always open to the defendant to move the judge before whom the trial is had to order the prosecuting attorney to give a more particular description, in the nature of a specification or bill of particulars, of the acts on which he intends to rely, and

to suspend the trial until this can be done; and such an order will be made whenever it appears to be necessary to enable the defendant to meet the charge against him, or to avoid danger of injustice. *Commonwealth* v. *Giles*, 1 Gray, 469. *The King* v. *Curwood*, 3 Ad. & El. 815. Rosc. Crim. Ev. (6th ed.) 178, 179, 420.

In this case, the testimony tended to show that Dexter, who had been employed by the complainant to obtain evidence of the defendant's guilt, and to whom the sale in question was in fact made, told the complainant only that he saw the defendant make a sale, but did not tell him to whom. This testimony, if believed by the jury, proved that the name of the purchaser was unknown to the complainant, and supported the allegation to that effect in the complaint.               *Exceptions overruled.*